*272 OPINION of the Court, by
Judge Owsley.
This js atl action 0f trespass, brought by Terril against Thompson, for entering his close, and taking and carrying away ⅞ quantity of corn. Thompson pleaded— *273 1st, “ That the corn in the declaration mentioned was taken as the property of one M’Callister, by a constable, under an execution regularly issued from a justice of the peace against him, and that the defendant, at the sale regularly made under the execution aforesaid by the constable, became the purchaser, which is the same trespass mentioned,” &c. And for second plea, pleaded not guilty.
The plaintiff demurred to the first plea, and joined issue to the second. The demurrer was overruled and the plea adjudged good, and judgment in bar awarded against the plaintiff.
The plea is clearly defective 5 it contains no averment that the corn was the property of M’Callister, against whom the execution issued, and unless it was his property, the circumstance of its having been taken as his could not vest in the defendant the right of property, or justify him in taking and converting it to his use.
The judgment, therefore, of the court below, adjudging the plea good, is erroneous and must be reversed ; the cause remanded to that court, and the defendant permitted to amend his plea, should he apply for leave to do so ; but should he not amend his plea, a trial to be had on the issue joined to the plea of not guilty.
On the 23d of April 1814, the following additional opinion was delivered by Ch. J. Boyle :
As explanatory of the opinion heretofore delivered in this case, and in addition thereto, we think it proper to remark, that we are not to be understood as deciding that the matter alleged in the plea would not; be a sufficient defence to an action of trespass de bonis asporta-tis. Had the action been brought for the injury only, of taking and carrying away the plaintiff’s corn, the averment that the property of the corn was in the person against whom the execution issued, would have been unnecessary in order to have excused the defendant : for if an officer illegally takes the goods of another, and sells or delivers them to a third person, though an action of trover will lie against the latter in case he converts them to his use, trespáss cannot be supported against him for taking the goods : because they came to his hands without fault on his part.
*274 But ⅛ action in this case was brought not only fot* taking and carrying away the plaintiff’s corn, but also for breaking and entering his close ; and the plea, though it assumes to be an answer to the whole action, contains no matter which affords a sufficient or legal excuse for breaking and entering the close of the plaintiff. If the corn had belonged to the person against whom the execution issued, the officer might have justified entering upon the plaintiff’s close to take it; and so, we apprehend, might any person who came in aid of the officer, or who had become a purchaser under a sale made by the officer, and thereafter entered for the purpose of taking away the corn. It is probably a case of the latter kind that was intended to have been made out by the plea ; but it is wholly destitute of the requisite aver-ments for that purpose,