Judge OwsLey
delivered the opinion of the court.
O’Bannon having, as she alledges, been evicted from a tract of land purchased by her of Couchman, and for which Couchman gave her an obligation to convey, she brought thiá suit in chancery, against the administrator of Couchman, his heirs, and John Rowan, for the purpose of obtaining indemnity for the breach of covenant, out of a debt due by Rowan for the purchase of a tract of land, alledged to have descended from Couchman to his heirs.
A couri of c'wnpeiy ⅛⅛ tioníoreltevá against jrau-Atai devises j^f®1® that subjsc'., 0 V'l\ 5?*) ⅛⅞ feated by the °*
*Fhe cause having been brought to a final hearing, and jibe court below supposing that O’Bannon was entitled to ¿relief, and there being no assets in the hands of the adcnin-istrator, decreed compensation to be made her by Rowan, eut of the debt which he was owing for the purchase of the fand.
From the exhibits and evidence in the cause, there is no doubt, but that O’Bannon is justly entitled to indemnity fcr the failure of Couchman to convey, but it is contended that, to obtain that indemnity, she should have resorted to fcer action at law, so that the main question presented for decision involves an enquiry into the propriety of a court of equity, under the circumstances of this case, giving relief.
if the circumstance of O’Bannon’s case being cognizable at law, should preclude the intervention of a court of equity, there is no question but that relief ought not, in the present case, to have been given. For although, after the pur-ehase by Rowan, the heirs were not, upon common law principles, chargeable, it is perfectly clear that, under the act against fraudulent devises, (1 Lit. 59) O’Bannon might, lotwithstanding that purchase, have maintained an action against them, at law.
But we, apprehend that circumstance ought not to pre-elude relief in equity. For the act against fraudulent devises appears to be a litera! transcript from an act of the Virginia legislature, taken from a statute of William and Mary, and that statute has never been held to exclude the chancellor from interposing in cases like the present.
But on the contrary it is said, that, under that statute, when the lands descended have been aliened, the creditor of the ancestor, upon a bill against the heir and purchaser, will be relieved. 1 Equity cases abridged, 149.
To grant relief in such a case is, in fact, nothing more than doing what the chancellor might have done before the enactment of the statute. For although after an alienation of the lands descended, by the heir, there existed no remedy at common law against him, yet before the statute of William and Mary, relief would have been given in equity. 1 Peer Williams, 777.
And upon the principle of a court of equity possessing the power since the statute, to do what might have been done before its passage, this court, in the case of Strode a-'¡ainst Cox’s heirs, (3 Bibb, 273) sustained the jurisdictiqg *388 «i a court of equity in a case similar to the one now undq' consideration.
Wickliffe for appellant, B. Hardin for appellee.
The decree must be affirmed with cost and damages.