Judge Robertson,
delivered the opinion of the Court.
Elizabeth Gosney, administered on the estate of her deceased husband. A slave named Tom,was, among other things assigned to her for her dower. *347 Tom, having afterwards fled from the state, and taken refuge among the Indians, she employed William Ellis, to pursue and reclaim him if possible, and that if he should succeed, in restoring to her, Tom, she would sell him to him, for £100.
Submission,
fj-ward ofar' 1 ca ots’
Bill of sale froin a/'m’s. £llis’
Having found Tom, on the northwestern frontier and brought him back to Kentucky, some misunderstanding arose between Ellis, and Mrs. Gosney, which they submitted to arbitration. The following is the result of this reference.
“We the subscribers, being called on by William Ellis and Elizabeth Gosney, to settle a matter in controversy between them, respecting a negro man Tom, which run away from the said Gosney, which William Ellis followed to the Indian nation, and brought the said negro man, Tom, back, and we are of opinion, that Elizabeth Gosney conveyed the said negro, agreeably to the annexed bill of sale, and that William Ellis pay up to E. Gosney, fifty pounds, in the year 1802, and fifty pounds within the year 1803, or pay up. to the said William Ellis, for his trouble for bringing in said negro, eighty dollars, and if E. Gosney chooses to pay the money, William Ellis, is to hold the negro till he is paid. Given under our hands and seals, this 11th November, 1802.
“H. HARRISON.
H. TAYLOR.
LEO. YOUNG.”
The following bill of sale, was executed in conformity to the award. “I do hereby certify, that I have sold to William Ellis, a negro man, Tom, for the sideration of one hundred pounds, the title of which negro, I warrant and forever defend. Given under Iny hand and seal, this 11th day of November 1802.
“ELIZABETH GOSNEY, Seal..
“Teste.
“Jas. True, Robt. Collins.”
In 1815, Mrs. Gosney died. Her children as heirs of her deceased husband, shortly after her death, brought an action of detinue for Tom, against Ellis. The suit being submitted to arbitration, the award was in favor of the plaintiffs, and judgment was accordingly rendered for'them.
Ellis’s bill in chancery, with injunction.
Answer oí dei’ts.
When remedy at law,injunction not to be granted, except under particular circumstances.
Construction of the bill of sale.
To enjoin this judgment, and to obtain general re-, lief, Ellis filed a bill in chancery, (the foundation of this suit,) against the said heirs and successful plaintiffs, in he action of detinue. The bill charges, that the sale of Tom to him, was made by Mrs. Gosney in her character of administratrix, 'fhat the heirs had acquired, by descent or devise from her estate,, sufficient to indemnify him, which he says they are bpund by their mother’s warranty to do, if they hold the negro.
The answers of the heirs, insist on the award and judgment upon it, as a bar to any further litigation about lire title of Tom; ayer that (heir mother only sold to Ellis her life estate, and deny that they had any estate from her;, but in other answers extorted from them by the court, some of them admit, that they held some property by the wifi of their mother.
The court dissolved the injunction, and dismissed the bill. From which Ellis, appealed.
There can be no,abjection to the dissolution. For whatever other right Ellis might fyave had, he had none to an injunction. He could not set asicje the award and judgment in the action at law, by his bill in chancery. He did not seek to do so, Nor could he escape the effect of the judgment by disputing the right of the heirs t.o Tom. If he has any fight, it is on the warranty. And he has made no allegation of insolvency or other fact, which would authorize an injunction, and a set off of the damages, for breach of warranty. Therefore, the. injunction was properly dissolved,
But the bill was.improperly dismissed. Mrs. Gos-i ney warranted the whole title. While Tom was a fugitive, it was doubtful whether he would ever be found. She agreed to sell him to Ellis for £ 100 if lie would find him: she did sell him accordingly. The price given is proved to be a generous price, for the entire right to Tom. And we can give no Other construction to the bill of sale, than tha,t i,l is a sale and warranty of the whole title to Tom..
There is some diversity in the parol evidence on this subject. But even if there had been no bill of *349 sale, the facts proved by the witnesses, would be scarcely sufficient to justify the opinion, that the warranty extended no further than the life
whennopersonal repre-an*baa*ery1J tbe appropri. ate remedy, .compel sees to an_ swer, to the “¿¿f' for breach of covenant of the ancestor or testator.
Wickliffe and Triplett, for appellant; Payne, for appellee.
There was no personal representative of Mrs. Gosney. Her heirs or devisees are responsible for her undertakings and liabilities, to the extent of the property acquired dy descent or will from her. The heirs were not expressly bound by the covenant of warranty, They could only be sued with the personal representative,in an action at law. It was therefore proper for Ellis to sue in chancery. Besides, for claims against heirs and Devisees, in that character, a suit in chancery, is an appropriate remedy, although there may also be a legal remedy. Cox’s heirs vs. Strode, 3 Bibb, 273.
■n.. . , Ellis was therefore.entitled to a decree against the devisees for something. And the court ought to have ascertained the extent of the liability of the devisees, and so far, have given to Ellis relief.
Wherefore the decree is reversed, and the cause remanded, wih instructions to the court, to asertain by inquisition, the amount devised by Mrs. Gosney to the appellees respectively, and according to the several values sq ascertained, to decree to Ellis on the warranty of title.